UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

McAaron Martin,
    Petitioner

vs.                                    Case No. 1:07cv725
                                        (Dlott, J.; Hogan, M.J.)

Warden, Chillicothe Correctional
Institution,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's "Answer/Return Of Writ" with exhibits (Doc. 16), and petitioner's "traverse" in reply to the return of writ (Doc. 20).[1]

### Procedural Background

On September 4, 2003, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with three counts of possession of cocaine, three counts of trafficking in cocaine, and one count of possession of marijuana. (Doc. 16, Ex. 1). A major drug offender specification was attached to one of the cocaine possession counts (Count 4), one of the trafficking counts (Count 6), and the

---

[1] The record before the Court also includes the trial transcript and documents submitted by petitioner as attachments to his motion to expand the record, which has been granted by separate order issued this date. (*See* Docs. 5, 17).

marijuana possession count (Count 7). (*Id.*).

Petitioner's counsel filed a pretrial motion to suppress, which was granted. (*See id.*, Exs. 2, 4). The State appealed to the Ohio Court of Appeals, First Appellate District. (*Id.*, Ex. 5). On December 3, 2004, the Ohio Court of Appeals reversed the trial court's judgment and remanded the case for trial. (*Id.*, Ex. 7).

After a jury trial, which commenced January 31, 2005, petitioner was acquitted of the marijuana possession charge (Count 7), and the jury was unable to reach a verdict with respect to the remaining six counts. (*See id.*, Ex. 8). After a retrial before a jury on these remaining counts, petitioner was convicted of the cocaine possession offense charged in Count 1 and the cocaine trafficking offense charged in Count 2, with the remaining four charges again resulting in a hung jury. (*See id.*, Ex. 10). On July 14, 2005, petitioner was sentenced to consecutive terms of imprisonment of three (3) years for the possession offense charged in Count 1 and nine (9) years for the trafficking offense charged in Count 2; the four remaining charges (Counts 3-6) were continued for jury trial. (*Id.*).[2]

Petitioner filed objections to the sentence imposed on July 14, 2005. (*Id.*, Ex. 11). With the assistance of new counsel, petitioner also timely appealed to the Ohio Court of Appeals, First Appellate District, raising the following claims based on errors that allegedly occurred at petitioner's second jury trial:

1. The trial court erred to the prejudice of defendant-appellant when it permitted the State to exercise a peremptory challenge to excuse an African-American juror.

2. The trial court erred to the prejudice of defendant-appellant when it

---

[2] It is noted that petitioner filed a motion to dismiss the four remaining charges on the ground that another retrial in the case would amount to a double jeopardy violation; respondent states that the "criminal docket does not reveal a ruling on the dismissal motion." (Doc. 16, Brief, p. 4 & Ex. 15). However, on March 7, 2006, petitioner pleaded guilty to the two remaining counts of cocaine possession (Counts 3 and 4) in exchange for the dismissal of the remaining trafficking charges (Counts 5 and 6) and specifications. (*Id.*, Ex. 16). Petitioner was sentenced that same date to concurrent three (3) year prison terms on Counts 3 and 4, with the sentences to also run "concurrently with the sentences previously imposed in Counts #1 and #2." (*Id.*, Ex. 17). Petitioner does not contest his conviction or sentence on Counts 3 and 4 in this action.

2

did not continue the case in order to allow a determination of the validity of the videotape [which was used as evidence against petitioner at trial].

3. The trial court erred to the prejudice of defendant-appellant when it admitted into evidence the statement of a co-conspirator without independent proof of the conspiracy.

4. The trial court erred to the prejudice of defendant-appellant when it sentenced him to 12 years in prison.

(*Id.,* Ex. 12).

On October 6, 2006, the Ohio Court of Appeals overruled the first three assignments of error challenging petitioner's conviction for the offenses charged in Counts 1 and 2; however, the court sustained the fourth assignment of error challenging petitioner's sentence on those counts because under *Blakely v. Washington*, 542 U.S. 296 (2004), and *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), the "trial court erred by sentencing [petitioner] to non-minimum, consecutive prison terms." (*Id.,* Ex. 14). Petitioner's sentence was vacated, and the case was remanded for resentencing. (*Id.,* p. 9).

On January 4, 2007, petitioner was resentenced in accordance with the Ohio Court of Appeals' remand order "nunc pro tunc 07/14/05" to the same terms of imprisonment, totaling twelve (12) years, that originally had been imposed for the offenses charged in Counts 1 and 2. (*Id.,* Ex. 18).[3]

With the assistance of another new attorney, petitioner timely appealed the resentencing decision to the Ohio Court of Appeals, First Appellate District, claiming as assignments of error that the trial court erred (1) in imposing a sentence "in violation of due process of law and the Ex Post Facto Clause" of the United States Constitution; (2) in failing to notfify petitioner of post release sanctions at the sentencing hearing; and (3) in entering convictions and consecutive sentences for possession and trafficking of the same drugs, which constituted "allied offenses of

---

[3]In addition, on January 4, 2007, petitioner was resentenced "nunc pro tunc 03/07/06" to the same concurrent three-year terms of imprisonment that had been imposed when he entered guilty pleas on March 7, 2006 to the remaining cocaine possession offenses charged in Counts 3 and 4. (*See* Doc. 16, Ex. 19).

3

similar import." (*Id.,* Ex. 20).

On December 14, 2007, the Court of Appeals overruled petitioner's first assignment of error, but sustained the second and third assignments of error. (*Id.,* Ex. 22). Therefore, petitioner's sentences were vacated and the case was remanded a second time for resentencing. (*Id.,* p. 5). In so ruling, the state appellate court stated:

> Upon remand, the trial court may enter a single conviction [for the allied offenses of similar import set forth in Counts 1 and 2] under either count one . . . or count two. . . . The trial court is free to impose any lawful sentence charged in counts three and four, as they are not allied offenses of similar import to any other offense.

(*Id.*).[4]

Petitioner filed a timely *pro se* appeal from this decision to the Ohio Supreme Court, claiming as the sole proposition of law that his first assignment of error should have been sustained because the trial court imposed a sentence "in violation of due process of law and the [E]xpost [F]acto [C]lause." (*Id.,* Ex. 23). It appears from the state supreme court's current docket records, which may be accessed by way of the internet, that on May 7, 2008, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."

In the meantime, during the period after the Ohio Court of Appeals' initial October 6, 2006 decision to affirm petitioner's convictions on Counts 1 and 2 and to remand the case for resentencing in light of *Blakely* and *Foster,* petitioner did not take any action to challenge his convictions on Counts 1 and 2 for cocaine possession and

---

[4] It appears from current docket records, which are available to the public via the internet site for the Hamilton County Clerk of Court, that petitioner was resentenced in accordance with the Ohio Court of Appeals' remand order on March 14, 2008. Petitioner was again sentenced to an aggregate twelve-year term of imprisonment as follows: nine (9) years for the trafficking offense charged in Count 2, which was merged with the possession offense charged in Count 1 for sentencing purposes; and three (3) year prison terms for the cocaine possession offenses charged in Counts 3 and 4, which were ordered "to be served concurrently with each other but consecutively to the sentence imposed in Count #2." Petitioner has filed an appeal from this most recent sentencing entry, which apparently is still pending before the Ohio Court of Appeals, First Appellate District.

4

trafficking until March 7, 2007, when he filed a *pro se* motion for delayed appeal to the Ohio Supreme Court. (*See id.,* Ex. 25). Petitioner claimed as "cause" for his delay in filing that he was unable to perfect a timely appeal because he was not informed by the Ohio Public Defender's Office that it would not assist him with discretionary review until November 14, 2006, "less than six (6) days" before the expiration of the appeal period. (*Id.*).

On April 18, 2007, the Ohio Supreme Court summarily denied petitioner's motion for delayed appeal and ordered the cause dismissed. (*Id.,* Ex. 27).

On April 18, 2007, petitioner next filed a *pro se* delayed application for reopening of the appeal with the Ohio Court of Appeals, First Appellate District, under Ohio R. App. P. 26(B), alleging that his appellate counsel was ineffective in failing to raise two assignments of error on direct appeal from the July 14, 2005 judgment of conviction on Counts 1 and 2 after the second jury trial. (*Id.,* Ex. 28). On May 1, 2007, petitioner filed a *pro se* request for supplementation of the reopening application and a motion to amend the application to include an additional claim. (*Id.,* Exs. 30, 31). On May 16, 2007, the Ohio Court of Appeals overruled the delayed reopening application on the ground that petitioner had "failed to provide sufficient reasons for failure to timely file his application to reopen the appeal;" the court also denied petitioner's other motions as moot. (*Id.,* Ex. 32).

Petitioner appealed to the Ohio Supreme Court. (*See id.,* Ex. 33). On September 26, 2007, the state supreme court dismissed the case "as not involving any substantial constitutional question." (*Id.,* Ex. 34).

The instant petition for writ of habeas corpus was "received" by the Court on August 31, 2007 and was stamped as "filed" on September 4, 2007. (Doc. 1). Petitioner asserts the following grounds for relief, which essentially mirror the assignments of error that were raised on direct appeal from the July 14, 2005 judgment of conviction and sentence in petitioner's second jury trial (*see id.,* Ex. 12):

**Ground One:** The state trial court's decision to permit the State of Ohio to exercise a peremptory challenge to excuse an African-American juror contravenes *Batson v. Kentucky*, [476 U.S. 79 (1986),] violating petitioner's rights under the Fourteenth Amendment to the U.S. Constitution.

5

**Ground Two:** The state trial court contravened petitioner['s] absolute due process rights under the Fourteenth Amendment to the U.S. Constitution . . . when it considered irrelevant factors at sentencing.

**Ground Three:** The state trial court erred to the prejudice of petitioner when it did not continue the case in order to allow a determination of the validity of the video tape.

**Ground Four:** The trial court violated petitioner's absolute due process rights under the 14th Amendment when it permitted statements from a co-conspirator into evidence as proof of the conspiracy.

(Doc. 1, pp. 6, 7, 9, 10).

In the return of writ, respondent contends that petitioner has waived the claims alleged in Grounds One, Three and Four due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court. (Doc. 16, Brief, pp. 8-11).[5] Respondent also argues that petitioner is not entitled to habeas relief based on the merits of his claims. (*Id.*, pp. 11-23).

## OPINION

### A. Petitioner Has Waived The Claims Alleged In Grounds One, Three and Four Because He Did Not File A Timely Appeal To The Ohio Supreme Court

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional

---

[5]This case does not present an exhaustion issue despite the fact that there apparently is an appeal pending before the Ohio Court of Appeals from the trial court's recent sentencing entry of March 14, 2008 after the case was remanded a second time for resentencing by the court of appeals. Petitioner does not assert any claim in the instant petition challenging the trial court's rulings in the resentencing proceedings held in accordance with the Ohio Court of Appeals' October 6, 2006 and December 14, 2007 remand orders. The claim of error in sentencing alleged herein arises from his original sentencing in July 2005. (*See* Doc. 1, Memorandum In Support of Habeas Corpus Application, pp. 6-8). Because petitioner thus does not raise any issue in the instant federal habeas petition which could still be pursued in the state courts, this case does not trigger exhaustion concerns.

6

claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar.

7

*Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

In this case, petitioner presented the claims alleged in Grounds One, Three and Four of the petition on direct appeal to the Ohio Court of Appeals from the trial court's July 14, 2005 judgment of conviction and sentence in the second jury trial. However, as respondent has pointed out and petitioner concedes (*see* Doc. 20, p. 2), petitioner committed a procedural default by failing to file a timely appeal to the state's highest court from the Ohio Court of Appeals' October 6, 2006 direct appeal decision.

Although months later, in March 2007, petitioner unsuccessfully sought a delayed appeal in the Ohio Supreme Court, the Sixth Circuit has held in an analogous case that the state supreme court's unexplained entry denying a motion for delayed appeal "constitutes a[n adequate and independent state] procedural ruling sufficient to bar federal court review of [the] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (per curiam), *cert. denied,* 543 U.S. 989 (2004); *see generally Harris,* 489 U.S. at 260-62. In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).

As the Sixth Circuit stated in *Bonilla,* "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to [such] an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure

8

to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman,* 501 U.S. at 750).

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498.

Petitioner also has failed to establish "cause" for his procedural default. Petitioner contends that he was unable to perfect a timely appeal to the Ohio Supreme Court because he was "notified by the Ohio Public [D]efender's [O]ffice less than 6 days prior to the 45 day deadline that the Public Defender's [Office] would [not be] represent[ing] him." (Doc. 20, p. 2).

The undersigned is not persuaded that six days was an insufficient amount of time in which to perfect a timely appeal of issues that had already been raised and briefed on direct appeal. In any event, it appears from the record that an attorney from the Ohio Public Defender's Office telephoned petitioner's mother on November 13, 2006, a week before the expiration of the 45-day appeal period, to inform her that his office would not be representing petitioner on appeal to the Ohio Supreme Court. (*See* Doc. 16, Ex. 25, attached "Exhibit A"). The attorney also expressly informed petitioner in the November 14, 2006 notification letter that (1) if he elected to represent himself on further appeal, he was required to file "the Notice of Appeal, Affidavit of Indigency, and Memorandum in Support of Jurisdiction with the Clerk of the Ohio Supreme Court on or before November 20, 2006;" and (2) if he could not perfect an appeal by the deadline date, he could "file a motion for leave to file a delayed appeal to the Ohio Supreme Court . . . stating the date of the judgment being appealed and adequate reasons for the delay." (*Id.*). Counsel further enclosed for petitioner's use a copy of the appellant's brief on appeal, the Court of Appeals' direct appeal decision, and the Ohio Supreme Court's Rules of Practice. (*See id.,* p. 2).

Petitioner thus was made well aware of the filing deadline and was provided some guidance in how to pursue an appeal on his own behalf, and yet there is no evidence in the record even remotely suggesting that he made any effort within the remaining six to seven day period to perfect a timely appeal to the Ohio Supreme

9

Court.[6] Moreover, petitioner has provided no explanation for his additional delay of nearly four months before he filed his motion for delayed appeal with the Ohio Supreme Court on March 7, 2007. Therefore, petitioner has not demonstrated that his procedural default should be excused for cause in this case.

Accordingly, in sum, the Court concludes that petitioner has waived the claims alleged in Grounds One, Three and Four of the petition due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' October 6, 2006 direct appeal decision. The claims alleged in Grounds One, Three and Four are barred from review in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if such claims are not considered herein.

## B. The Claim Alleged In Ground Two Should Be Denied As Moot

In Ground Two of the petition, petitioner alleges that the trial court considered "irrelevant factors" when sentencing him in July 2005. (*See* Doc. 1, p. 7; *see also id.*, Memorandum In Support of Habeas Corpus Application, pp. 6-8). However, as respondent has argued in the return of writ, the Ohio Court of Appeals vacated that sentence; therefore, "any further argument on the subject is moot." (*See* Doc. 16, pp. 18-19).

---

[6]Even if delays inherent in the prison mailing system would have rendered it difficult for petitioner to meet the filing deadline with only six to seven days remaining in the appeal period, the Sixth Circuit has held that "prison officials' inaction" in sending appeal pleadings submitted by a prisoner for mailing "in sufficient time for [the pleadings] to arrive timely in the normal course of events," constitutes cause "sufficient to excuse a procedural default based upon a late filing." *Maples v. Stegall,* 340 F.3d 433, 438-39 (6th Cir. 2003) (citing *Mohn v. Bock,* 208 F.Supp.2d 796, 801-02 (E.D. Mich. 2002)) (holding that cause for late filing was established in case where the prisoner had submitted his appeal papers to prison officials for mailing five days prior to the filing deadline). Here, petitioner had time to prepare an appeal and submit it for mailing in sufficient time for it to arrive timely in the normal course of events, and, therefore, any delay by prison officials in sending the documents out would have been taken into account in petitioner's favor. However, by failing to make any attempt to perfect an appeal within that remaining time frame, petitioner cannot rely on such an argument to excuse his procedural default in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in Grounds One, Three and Four of the petition, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[7] A certificate of appealability also should not issue with respect to the claim alleged in Ground Two of the petition, which was reviewed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor is the claim "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/26/08
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-725denypet.waiv-Bonilla.mootclaim.wpd

---

[7]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his procedurally-defaulted grounds for relief. *See Slack,* 529 U.S. at 484.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

McAaron Martin,
      Petitioner,

      v.

Warden, Chillicothe Correctional Institution,
      Respondent.

Case No. 1:07cv725
(Dlott, J.; Hogan, M.J.)

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

McAaron Martin 517-328
Chillicothe Corr. Inst.
PO Box 5500
Chillicothe, OH 45601

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)    7007 0710 0000 8130 4938

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv725 Doc. 22